## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**BILLY MEADOWS**                         **CIVIL ACTION NO. 3:17-CV-00977**

**VS.**                                           **SECTION P**

                                                 **JUDGE ROBERT G. JAMES**

**CHAD LEE, ET AL**                      **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

The plaintiff, Billy Meadows, filed this *pro se* and *in forma pauperis* complaint on July 31, 2017, pursuant to 42 U.S.C. §1983, while an inmate at the Tensas Parish Detention Center (TPDC). Plaintiff is currently incarcerated at the Elayn Hunt Correctional Center (EHCC), St. Gabriel, Louisiana. His complaint alleges constitutional violations against defendants Chad Lee, Brandon Lance and Terry A. Doughty.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On Mach 7, 2017, plaintiff was sentenced by Judge Terry A. Doughty to a term of forty (40) years, the maximum sentence on unknown crimes for which he was convicted, which he argues is cruel and unusual punishment. All motions filed in state court contesting this sentence were denied by the sentencing judge.

Plaintiff also complains about the conditions in Holding Cell 304, where he was placed by Warden Chad Lee on July 11, 2017. He asserts that the cell is "so nasty, it smell (sic) of urine, mold

and mildew...mildew is all over the shower walls and mold. You can't hardly get your breath in this cell." [Rec. Doc. 1, p. 5] He complains that it is a two man cell with three inmates in it, one sleeping on the floor. He also alleges that they "hardly feed the ones in the holding cells." *Id.* at p. 6.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Excessive Sentence*

Plaintiff is seeking monetary damages for an allegedly unconstitutional sentence handed down on March 7, 2017, by Judge Terry A. Doughty. The United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm

2

caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). *Heck* involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the *Heck* teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his convictions or sentences have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his convictions or sentences have been invalidated.

### 3. *Judicial Immunity*

Plaintiff names the sentencing Judge, Terry A. Doughty, as a defendant. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed. 2d 288 (1967)*; Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L. Ed. 2d 331 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Brewer v.*

*Blackwell*, 692 F.2d 387, 396-97 (5th Cir. 1982). As Judge Doughty's actions in this clearly meet the above criteria, he is immune from suit.

### 4. Conditions of Confinement

Plaintiff has alleged a constitutional violation resulting from the conditions at TPDC. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with `the evolving standards of decency that mark the progress of a maturing society' . . . or which `involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble,* 429 U.S. 97, 102-103 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit,* 641 F.2d at 346. Furthermore, the official must have acted with deliberate indifference to a known risk of harm to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson,* 245 F.3d at 459. The plaintiff must prove facts sufficient to show "at a minimum, that the prison officials realized there was imminent danger and have refused—consciously refused,

4

knowingly refused—to do anything about it." *Campbell v. Greer,* 831 F.2d 700, 702 (7th Cir. 1987). Applying these factors to the instant case, Meadows has not alleged a constitutional violation based on the conditions in TPDC.

"The conditions described by plaintiff, while plainly not comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation." *Green v. Gusman*, No. 15-1738, 2016 WL 3033541, at*4 (E.D. La. May 6, 2016). The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Id*. (citing *Holloway v. Gunnell,* 685 F.2d 150, 156 (5th Cir. 1982)). The Courts also have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Id. (citing Talib,* 138 F.3d at 215 (citing *Rhodes,* 452 U.S. at 349); *accord Hernandez v. Velasquez,* 522 F.3d 556, 560 (5th Cir. 2008)).

In keeping with this philosophy, the federal courts have recognized that certain institutional problems such as dust, mold, and stale air do not amount to a constitutional violation. *See, e.g., Green v. Gusman,* No. 15-1738, 2016 WL 3033541, at*4 (E.D. La. May 6, 2016), *White v. Gusman,* No. 14-2131, 2014 WL 6065617, at *1 (E.D. La. Nov. 12, 2014); *Harrison v. Cox,* No. 12-1813, 2013 WL 620799, at *5 (W.D. La. Jan.16, 2013), *adopted,* 2013 WL 622399, at *1 (W.D. La. Feb. 15, 2013); *Clark v. Gusman,* No. 11-2673, 2012 WL 1825306, at *5 (E.D. La. Mar. 29, 2012), *adopted,* 2012 WL 1825302, at *1 (E.D. La. May 18, 2012). To the extent Meadows asserts that these factors were present at EHCC, he has not stated a constitutional violation.

Furthermore, the jurisprudence has repeatedly held that the presence of mold and dampness in a prison setting does not render an inmate's confinement unconstitutional. *Green, supra* (citing *Eaton v. Magee,* No. 10-112, 2012 WL 2459398, at *5 (S.D. Miss. Jun. 27, 2012) ("Plaintiff's

claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); *Barnett v. Shaw,* No. 11-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), *adopted,* 2011 WL 2214383, at *1 (N.D. Tex. Jun. 7, 2011); *Reynolds v. Newcomer,* No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks omitted))). Thus, Meadows' allegations about mold fail to establish constitutional violations.

Moreover, Meadows' complaints that the cell smells like urine fails to establish a constitutional violation. *See Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell); *Davis v. St. Charles Parish Corr. Ctr.,* No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010) (citing *Talib,* 138 F.3d at 215). "Simply because [plaintiff's] dorm is less sanitary than he would like does not render the conditions unconstitutional." *Wilson v. Lynaugh,* 878 F.2d 846, 849 & n.5 (5th Cir. 1989)) (inmate who complained of "unsanitary practice[s]," including inadequate ventilation, unsanitary water fountains, 52 inmates using one ice cooler, rest room four feet from the dining area, toilets leaking water and unsanitized living quarters, failed to state a claim.).

In addition, plaintiff's conclusory allegation that prisoners in the holding cells are "hardly fed," made with no facts in support, fails to state a claim of a constitutional violation.

Finally, while he does not allege that HE has been forced to sleep on the floor, only that one inmate in his cell must to do so, that claim does not implicate the constitution. The United States

6

Constitution does not require that prisoners be provided an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir.1986)(rejecting pretrial detainee's claim that forcing him to sleep on the floor was unconstitutional); *Castillo*, 687 F.Supp. at 281; *Starks v. Bowles*, 682 F.Supp. 891 (N.D.Tex. 1988), affd, 851 F.2d 1419 (5th Cir. 1988); *Williams v. Gusman*, No. 15-96, 2015 WL 5970424 (E.D. La., 2016). Thus, to the extent that plaintiff alleges he was forced to sleep on the jail floor, this does not give rise to a violation of his constitutional rights and is not cognizable under §1983.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, September 25, 2017.

                                    **KAREN L. HAYES**
                          **UNITED STATES MAGISTRATE JUDGE**